# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

CLIFTON FERNANDES,

Petitioner,

v.

WARDEN, Otay Mesa Detention Center, et al.,

Respondents.

Case No.:  25-CV-3813 JLS (MSB)

**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 4)

Presently before the Court is Clifton Fernandes's Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 4).  Also before the Court is Respondents Kristi Noem's (Secretary of the Department of Homeland Security), Pamela Jo Bondi's (Attorney General), Todd M. Lyon's (Acting Director, Immigration and Customs Enforcement), Jesus Rocha's (Acting Field Office Director, San Diego Field Office), and Christopher LaRose's (Warden of Otay Mesa Detention Center) (collectively, "Respondents") Return to Petition for Writ of Habeas Corpus ("Ret.," ECF No. 10) and Petitioner's Traverse (ECF No. 11).  For the reasons set forth below, the Court **GRANTS** the Amended Petition for a Writ of Habeas Corpus.

/ / /

/ / /

## BACKGROUND

Petitioner, a citizen of India, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since January 6, 2025, when he entered the United States. Pet. at 2. Fearing persecution in India on account of his religion, Petitioner crossed the U.S. border from Mexico seeking asylum. *Id.* On April 1, 2025, an asylum officer attempted a credible fear interview with a Hindi interpreter but could not communicate with Petitioner since he speaks Konkani, an Indo-Aryan language spoken by the Konkan people along the western coast of India. *Id.* Petitioner was then permitted to apply for asylum, but an Immigration Judge determined he was not eligible for a bond hearing. *Id.* On November 21, 2025, the Immigration Judge ordered Petitioner removed to India, and Petitioner timely appealed the decision to the Board of Immigration Appeals. *Id.* While Petitioner's removal proceedings are ongoing pending his appeal, he remains detained and submits that he has suffered "serious mental health issues," "cannot sleep or eat," and has "no way to communicate" because he speaks only Konkani. *Id.* at 2–3; Ret. at 2. Petitioner alleges that his continued detention without a bond hearing violates the Due Process Clause of the Fifth Amendment. Pet. at 3–7.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*,

2

138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

### I. Jurisdiction

Respondents argue that this Court lacks jurisdiction under 8 U.S.C. § 1252(g) because Petitioner's claim arises from the decision to commence removal proceedings. Ret. at 3–4. The Court disagrees.

Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Section 1252(g) should be read "narrowly" as to apply "only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Ibarra-Perez v. United States*, No. 24-631, 2025 WL 2461663, at *6 (9th Cir. Aug. 27, 2025) (quoting *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482, 487 (1999)). Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Id.* at *7. Section 1252(g) does not bar due process claims. *Walters v. Reno*, 145 F.3d 1032, 1052–53 (9th Cir. 1998) (finding that the petitioners' objective was not to review the merits of their proceeding, but rather "to enforce their constitutional rights to due process in the context of those proceedings").

Here, Petitioner does not challenge the decision to commence removal proceedings or any act to adjudicate or execute a removal order. Rather, Petitioner is challenging his prolonged detention without a bond hearing. Traverse at 1–3. Petitioner is enforcing his "constitutional rights to due process in the context of the removal proceedings—*not* the legitimacy of the removal proceedings or any removal order." *Garcia v. Noem*, No. 25-CV-2180-DMS-MMP, 2025 WL 2549431, at *4 (S.D. Cal. Sept. 3, 2025). Therefore, § 1252(g) does not strip the Court of jurisdiction.

25-CV-3813 JLS (MSB)

## II.    Merits

"Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes unconstitutional." *Amado v. United States Dep't of Just.*, No. 25CV2687-LL(DDL), 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025).  However, "[n]early all district courts that have considered [the constitutionality of prolonged mandatory detention] agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Singh v. Barr*, 400 F. Supp. 3d 1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (cleaned up) (collecting cases).  In determining whether detention has become unreasonable, courts evaluate factors including "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022).  Some courts also consider the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal.  *See, e.g.*, *Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520, at *3 (S.D. Cal. Nov. 12, 2025).

The Court finds that Petitioner has established he is entitled to a bond hearing. Petitioner's length of detention, now over one year, without a bond hearing weighs in Petitioner's favor.  Courts have found detention of similar lengths without a bond hearing weighs towards a finding that detention has become unreasonable.  *See, e.g.*, *Guatam v. Corr. Corp of Am.*, No. 3:25-CV-3600-JES-DEB, 2026 WL 25846, at *4 (S.D. Cal. Jan. 5, 2026) (finding that one-year detention weighed in favor of granting a bond hearing); *Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520, at *4 (S.D. Cal. Nov. 12, 2025) (finding that eleven month detention without a bond hearing "absent meaningful rebuttal by [r]espondents" was unreasonable and violated due process).  The length of detention therefore favors Petitioner.

As to the likely duration of future detention, Petitioner argues that he "has reason to anticipate significant future detention during his appellate process" since a "BIA appeal

itself can take months, and afterward, a petitioner may appeal to the Ninth Circuit." Pet. at 7 (citing *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1119 (W.D. Wash. 2019)). The Court agrees, since Respondents "cannot predict with any degree of confidence when the BIA appeal will be resolved." *Masood v. Barr*, No. 19-CV-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020). Respondents argue only that Petitioner has already received a decision from the Immigration Judge on November 21, 2025, and that Respondents have not delayed removal proceedings. Ret. at 9. However, Respondents fail to address Petitioner's pending appeal. *See* Ret. Therefore, the likely duration of future detention weighs in Petitioner's favor.

Delay in removal proceedings is neutral since the record does not suggest delay by Respondents nor Petitioner. *See* generally Pet.; Ret. Balancing the discussed factors, the Court concludes that Petitioner's detention has become unreasonably prolonged, and therefore, Petitioner is entitled to a bond hearing.

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Amended Petition for a Writ of Habeas Corpus (ECF No. 4), and **ORDERS** Respondents to provide Petitioner with an individualized bond hearing within <u>fourteen (14) days</u> before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released. If no hearing occurs within fourteen days of this Order, Petitioner shall be released from Respondents' custody. The Parties **SHALL** file a Joint Status Report by <u>February 13, 2026</u>, informing the Court of the outcome of the hearing.

**IT IS SO ORDERED.**

Dated: January 26, 2026

Hon. Janis L. Sammartino
United States District Judge

25-CV-3813 JLS (MSB)