UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON FERNANDES,<br><br>                          Petitioner,<br><br>v.<br><br>WARDEN, Otay Mesa Detention Center, et al.,<br><br>                          Respondents. | Case No.:  25-CV-3813 JLS (MSB)<br><br>**ORDER DENYING BOND DENIAL RELIEF RE STATUS REPORT**<br><br>(ECF No. 16) |

Presently before the Court is Petitioner's Status Report Regarding Immigration Judge's Failure to Comply with Court's Order ("Rep.," ECF No 16).  Also before the Court is Respondents' Response to Petitioner's Status Report ("Opp'n," ECF No. 18) and Petitioner's Reply to Respondents' Supplemental Briefing ("Reply," ECF No. 19).  For the reasons set forth below, the Court **DENIES** the relief requested in Petitioner's Status Report (ECF No. 16).

## BACKGROUND

Petitioner, a citizen of India, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since January 6, 2025, when he entered the United States.  ECF No. 4 ("Pet.") at 2.  Fearing persecution in India on account of his

religion, Petitioner crossed the U.S. border from Mexico seeking asylum. *Id.* On April 1, 2025, an asylum officer attempted a credible fear interview with a Hindi interpreter but could not communicate with Petitioner since he speaks Konkani, an Indo-Aryan language spoken by the Konkan people along the western coast of India. *Id.* Petitioner was then permitted to apply for asylum, but an Immigration Judge determined he was not eligible for a bond hearing. *Id.* On November 21, 2025, the Immigration Judge ordered Petitioner removed to India, and Petitioner timely appealed the decision to the Board of Immigration Appeals. *Id.* While Petitioner's removal proceedings are ongoing pending his appeal, he remains detained and submits that he has suffered "serious mental health issues," "cannot sleep or eat," and has "no way to communicate" because he speaks only Konkani. *Id.* at 2–3; Ret. at 2. On January 13, 2026, Petitioner filed his Amended Petition arguing that his continued detention without a bond hearing violated the Due Process Clause of the Fifth Amendment. Pet. at 3–7.

On January 26, 2026, the Court granted Petitioner's Amended Petition for Writ of Habeas Corpus ("Order," ECF No. 12) ordering "Respondents to provide Petitioner with an individualized bond hearing within <u>fourteen (14) days</u> before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released." Order at 5. On February 2, 2026, Petitioner timely received a bond hearing, during which the Immigration Judge ("IJ") denied bond, finding that Petitioner is a fight risk. Rep. at 2–3. Petitioner now brings a challenge to the IJ's denial of bond arguing that the "IJ's ruling is not in compliance with [the] Court's order to hold a constitutionally adequate bond hearing." *Id.* at 2. Petitioner also challenges the neutrality of Otay Mesa's IJs generally and requests the Court to immediately release Petitioner, hold its own bond hearing, or set new conditions for another bond hearing. *Id.* at 3, 8–9.

## DISCUSSION

Petitioner argues that the IJ failed to comply with the Court's order to "hold a constitutionally adequate bond hearing" and that this is likely a result of "a recent trend"

for IJs to deny bond based on flight risk due to their neutrality being compromised by the current administration.  Rep. at 1–2.  Specifically, Petitioner argues that the IJ "applied a double standard and relied on evidence that was not in the record" in denying bond.  Reply at 2–3.  Respondents argue that concerns over "the IJ's neutrality are speculative," and that Petitioner has failed to exhaust his administrative remedies.  Ret. at 2.  The Court agrees with Respondents.

The Court concludes that Petitioner failed to exhaust his administrative remedies.  "Exhaustion can be either statutorily or judicially required."  *Acevedo-Carranza v. Ashcroft*, 371 F.3d 539, 541 (9th Cir. 2004).  While 28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus," the Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241."  *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by*, *Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006).  Prudential exhaustion may be required if: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review."  *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2017) (quoting *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)).

"A noncitizen facing immigration proceedings is required to exhaust his administrative remedies by appealing to the BIA before seeking habeas review of an Immigration Judge's adverse bond determination."  *Sharma v. Archambrault*, 26-CV-513-BAS-SBC, 2026 WL 381611, at *1 (S.D. Cal. Feb. 11, 2026) (citing *Leonardo v. Crawford*, 646 F.3d 1157 (9th Cir. 2011)).  "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted [their] remedies, unless exhaustion is excused."  *Leonardo*, 646 F.3d at 1160.  "[A] court may waive the prudential exhaustion

requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

The Court agrees with Respondents that "the proper avenue for Petitioner's grievance with his bond denial is to utilize the administrative scheme and appeal his bond denial to the Board of Immigration Appeals (BIA)." Opp'n at 2. "The BIA clearly is empowered to reverse the Immigration Judge's determinations, including all of the errors Petitioner now alleges were made by the Immigration Judge." *Sharma*, 2026 WL 381611, at *2. Further, "the BIA is the subject-matter expert in immigration bond decisions." *Aden v. Nielsen*, No. C18-1441RSL, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019). The Court also agrees with Respondents that a waiver of exhaustion under these facts would encourage others to bypass the BIA and directly appeal from the immigration judge to the district court. Opp'n at 4; *see Aden*, 2019 WL 5802013, at *2 ("[R]elaxation of the exhaustion requirement would likely encourage other detainees to bypass the BIA and directly appeal their no-bond determinations from the IJ to federal district court.").

The Court follows other courts in this District and declines to waive the exhaustion requirement. Therefore, Petitioner has failed to exhaust his administrative remedies, and the present challenge is improper. *See Baker v. Gordon*, No. 25-CV-3539-CAB-SBC, ECF No. 8 at 2 (S.D. Cal. Jan. 30, 2026) ("As the Ninth Circuit has explained, '[Petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. [Petitioner] should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision.'" (quoting *Leonardo*, 646 F.3d at 1160)); *Sharma*, 2026 WL 381611, at *2 (declining to waive exhaustion in a similar challenge).

The Court is also unpersuaded by Petitioner's argument that IJs nationwide are compromised. *See* Rep. at 2. "Although Petitioner presents some compelling statistics,

25-CV-3813 JLS (MSB)

the Court is not prepared to find that appeal to any BIA judge is necessarily futile." *Sharma*, 2026 WL 381611, at *2.

**CONCLUSION**

Based on the foregoing, the Court **DENIES** the relief requested in Petitioner's Status Report (ECF No. 16) **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated:  April 14, 2026

Hon. Janis L. Sammartino
United States District Judge

25-CV-3813 JLS (MSB)